# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

CYNTHIA WATTS,

    Plaintiff,

*v*.                                       Case No. 06-CV-14309

COMMISSIONER OF               DISTRICT JUDGE THOMAS L. LUDINGTON
SOCIAL SECURITY,               MAGISTRATE JUDGE CHARLES E. BINDER

    Defendant.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

### I.    RECOMMENDATION

In light of the entire record in this case, I suggest that substantial evidence supports the Commissioner's determination that Plaintiff is no longer disabled. Accordingly, IT IS RECOMMENDED that PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED, DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED, and that the FINDINGS OF THE COMMISSIONER BE AFFIRMED.

### II.    REPORT

#### A.    Introduction and Procedural History

---

[1] The format and style of this Report and Recommendation are intended to comply with the requirements of the E-Government Act of 2002, Pub. L. 107-347, 116 Stat. 2899 (Dec. 17, 2002), the recently amended provisions of Fed. R. Civ. P. 5.2(c)(2)(B), E. D. Mich. Administrative Order 07-AO-030, and guidance promulgated by the Administrative Office of the United States Courts found at: http://jnet.ao.dcn/img/assets/5710/dir7-108.pdf. This Report and Recommendation is issued only to address the matters at issue in this case and is not intended for publication in an official reporter or to serve as precedent.

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. Local Rule 72.1(b)(3), this case was referred to this Magistrate Judge for the purpose of reviewing the Commissioner's decision denying Plaintiff's claim for disability insurance benefits. This matter is currently before the Court on cross-motions for summary judgment.[2] (Dkt. 16, 24.)

In July of 1997, Plaintiff filed an application for Supplemental Security Income benefits. (Tr. at 21.) The Commissioner granted the application, found Plaintiff disabled and awarded benefits. (Tr. at 57.) Specifically, the Commissioner found that Plaintiff's condition met the requirements of Listed Impairment 9.09A. (*Id.*)

On June 13, 2003, a Notice of Disability Cessation was forwarded to the Plaintiff, stating that the Commissioner had concluded that Plaintiff's medical condition had improved and that as of June 1, 2003, she was no longer considered disabled. (Tr. at 60-63.) Plaintiff requested reconsideration. (Tr. at 64.) Plaintiff met with a Disability Hearing Officer in early January of 2004. On March 8, 2004, the Hearing Officer issued a Decision again finding that Plaintiff's disability had ceased as of June 1, 2003. (Tr. at 68-76.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 94.) On June 29, 2005, Plaintiff appeared before ALJ Michael Wilenkin. (Tr. at 415-426.) In a Decision issued September 9, 2005, the ALJ found that Plaintiff's disability had ceased as of June 1, 2003. (Tr. at 18-29.) Plaintiff sought review of this unfavorable decision. (Tr. at 9-19.) The ALJ's decision became the final decision of the Commissioner on August 9, 2006, when the Appeals Council, after the review of additional exhibits,[3] denied

---

[2] Plaintiff also filed a Reply to the Commissioner's motion. (Dkt. at 26.)

[3] In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words,

2

Plaintiff's request for review. (Tr. at 6-10.) On September 29, 2006, Plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision. (Dkt. 1.)

**B.      Standard of Review**

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner's decision employed the proper legal standards. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (per curiam). The Commissioner is charged with finding the facts relevant to an application for disability benefits. A federal court "may not try the case *de novo*[.]" *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

If supported by substantial evidence, the Commissioner's decision is conclusive, regardless of whether the court would resolve disputed issues of fact differently, *Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028 (6th Cir. 1990), and even if substantial evidence would also have supported a finding other than that made by the ALJ. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). The scope of the court's review is limited to an examination of the record only. *Brainard,* 889 F.2d at 681. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 681 (citing *Consolidated Edison Co. v. NLFB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 2d 126 (1938)). The substantial evidence standard "'presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference from the courts.'" *Mullen*, 800 F.2d at 545 (quoting *Baker v. Heckler*, 730

---

Appeals Council evidence may not be considered for the purpose of substantial evidence review.

F.2d 1147, 1149 (8th Cir. 1984)) (affirming the ALJ's decision to deny benefits because, despite ambiguity in the record, substantial evidence supported the ALJ's conclusion).

The administrative law judge, upon whom the Commissioner and the reviewing court rely for fact finding, need not respond in his or her decision to every item raised, but need only write to support his or her decision. *Newton v. Sec'y of Health & Human Servs.*, No. 91-6474, 1992 WL 162557 (6th Cir. July 13, 1992). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). There is no requirement, however, that either the ALJ or the reviewing court discuss every piece of evidence in the administrative record. *Anderson v. Bowen*, 868 F.2d 921, 924 (7th Cir. 1989) ("a written evaluation of every piece of testimony and submitted evidence is not required"); *Walker v. Bowen*, 834 F.2d 635, 643 (7th Cir. 1987) (ALJ need only articulate his rationale sufficiently to allow meaningful review). Significantly, under this standard, a reviewing court is not to resolve conflicts in the evidence and may not decide questions of credibility. *Garner,* 745 F.2d at 387-88.

**C. Governing Law**

**1. Social Security Act**

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims and the judiciary merely reviews the determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination which can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137, 142,

107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen*, 800 F.2d at 537.

As mentioned, the standard for judicial review is whether there is substantial evidence to support the Secretary's decision that the plaintiff's condition has improved to the extent that he or she can perform substantial gainful activity. *Casiano, Jr. v. Heckler*, 746 F.2d 1144 (6th Cir.1984). The Court must determine from the record upon what conditions the claimant was awarded benefits, and whether there has been any improvement in these conditions. *Id.* at 1148.

**2. Termination of Benefits**

20 C.F.R. §416.994(a) provides that an individual's entitlement to benefits under the Social Security Act will be reviewed periodically for continued entitlement to benefits. In those cases, the central question is whether the claimant's medical impairments have improved to the point where the claimant is able to perform substantial gainful activity. 42 U.S.C. § 423(f)(1). Improvement is measured from "the most recent favorable decision" that the claimant was disabled. 20 C.F.R. § 416.994(b)(1)(i). There is no presumption of continuing disability. *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286-287 n. 1 (6th Cir.1994). Instead, the Commissioner applies the procedures that are outlined in 20 C.F.R. §§ 404.1594 and 416.994 to determine whether a claimant's disability has ended such that she is now able to work.

The first part of the evaluation process focuses on medical improvement. The implementing regulations define a medical improvement as "any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled." 20 C.F.R. § 404.1594(b)(1). A determination of medical improvement "must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with your impairment(s)." *Id.* A medical improvement is related to an individual's ability to work only "if there has been a decrease in the severity ... of the impairment(s) present at the time of the most recent favorable

medical decision and an increase in your functional capacity to do basic work activities ..." 20 C.F.R. § 404.1594(b)(3). *See also Nierzwick v. Commissioner of Social Security,* 7 Fed. Appx. 358, 2001 WL 303522 (6th Cir.2001).

The second part of the evaluation process relates to ability to engage in substantial gainful activity. The implementing regulations incorporate many of the standards set forth in regulations governing initial disability determinations. See 20 C.F.R. § 404.1594(b)(5) and (f)(7). The difference, however, is that the ultimate burden of proof lies with the Commissioner in termination proceedings. *Id.; Griego v. Sullivan*, 940 F.2d 942, 944 (5th Cir.1991).

### D. Administrative Record

Evidence contained in the administrative record and presented to the ALJ indicates that in the six months prior to the date of medical improvement determined by the Commissioner, Plaintiff was seen by a podiatrist, (Tr. at 291) and was treated at the Henry Ford Health System emergency room on at least three and possibly four occasions. (Tr. at 294-307.) Subsequent to the medical improvement date determined by the Commissioner, Plaintiff was seen at the Henry Ford Health System emergency room on three occasions. (Tr. at 308-317.) Plaintiff also underwent a psychiatric evaluation conducted by Dr. Yousef at the request of the Disability Determination Service on February 12, 2004. (Tr. at 318-321.)

### E. ALJ's Findings

In his Decision, the ALJ evaluated medical evidence presented as well as the testimony elicited during the administrative hearing and found that Plaintiff's medical condition had improved, and that the improvement was related to her ability to work. The ALJ concluded that as of June, 2003, Plaintiff possessed the residual functional capacity to return to medium work. (Tr. at 27-29.)

### F. Review of ALJ's Determination

#### 1. Legal Standards

According to the Code of Federal Regulations:

> Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work.

20 C.F.R. § 404.1657(c).

After review of the record, I suggest that the ALJ utilized the proper legal standard in his application of the Commissioner's cessation of benefits analysis to Plaintiff's claim. I turn next to the consideration of whether or not substantial evidence supports the ALJ's decision.

#### 2. Substantial Evidence

Plaintiff argues that substantial evidence fails to support the findings of the Commissioner. In this circuit, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker,* 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Mullen,* 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

As to Plaintiff's allegations of disabling physical impairments, after review of this record, although an echocardiogram and electrocardiograms conducted in February of 2003 revealed abnormalities (Tr. at 296-300), during subsequent emergency room visits over the next four months, Plaintiff recounted an ability to tolerate physical exertion that is both thoroughly incongruous with the earlier reported abnormalities and supports the ALJ's residual functional capacity assessment. (Tr. at 302, 306, 308.) I further suggest that x-rays, scans and other objective medical tests subsequent to the February 2003 tests are not inconsistent with the ALJ's findings.

(Tr. at 301, 307.) The relevant medical evidence of record is devoid of any findings that would support a conclusion that Plaintiff meets or equals any of the Listings cited either by the Commissioner in Plaintiff's original disability finding or by current counsel for Plaintiff. I therefore suggest that substantial evidence supports the findings of the ALJ. I further suggest that Plaintiff's argument that the ALJ undertook the steps of the sequential disability analysis in the wrong order fails to carry the day.

The ALJ found Plaintiff's complaints of disabling pain were not fully credible. Social Security regulations prescribe a two-step process for evaluating subjective complaints of pain. The plaintiff must establish an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain rising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain. 20 C.F.R. § 404.1529(b); *Jones v. Sec'y of Health & Human Servs.*, 945 F.2d 1365, 1369 (6th Cir. 1991) (citing *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986)). If a plaintiff establishes such an impairment, the ALJ then evaluates the intensity and persistence of the plaintiff's symptoms. 20 C.F.R. § 404.1529(c); *Jones*, 945 F.2d at 1369-70. In evaluating the intensity and persistence of subjective symptoms, the ALJ considers objective medical evidence and other information, such as what may precipitate or aggravate the plaintiff's symptoms, what medications, treatments, or other methods plaintiff uses to alleviate his symptoms, and how the symptoms may affect the plaintiff's pattern of daily living. *Id.*

The issue is whether the ALJ's credibility determinations are supported by substantial evidence. An ALJ's findings based on the credibility of an applicant are to be accorded great weight and deference, particularly since the ALJ is charged with the duty of observing a witness's demeanor and credibility. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).

When weighing credibility, an ALJ may give less weight to the testimony of interested witnesses. *Cummins v. Schweiker*, 670 F.2d 81, 84 (7th Cir. 1982) ("a trier of fact is not required to ignore incentives in resolving issues of credibility"); *Krupa v. Comm'r of Soc. Sec.*, No. 98-3070, 1999 WL 98645 at *3 (6th Cir. Feb. 11, 1999) (unpublished). This finding was based on the Plaintiff's own statements regarding her abilities as well as the medical evidence regarding her improved medical condition and physical capacities which, I suggest, indicate a lack of persistent impairments sufficient to be considered disabling. (Tr. at 26-27.); *Jones, supra.* I therefore suggest that under the standard set forth above, there is on this record insufficient evidence upon which to overturn the ALJ's credibility determination.

As to Plaintiff's claims of disabling mental impairments, I suggest that the evidence in this case falls considerably short of that deemed sufficient in this circuit to justify a finding of disability. *See Cornette v. Sec'y of Health & Human Servs.*, 869 F.2d 260 (6th Cir. 1988); *Lankford v. Sullivan*, 942 F.2d 301 (6th Cir. 1991); *see also Walker v. Sec'y of Health & Human Servs.*, 980 F.2d 1066, 1068 (6th Cir. 1992). Nowhere in this record do any of Plaintiff's treating physicians make any findings as to Plaintiff's mental condition that would be consistent with the requirements of the Commissioner's listed mental impairments.

Accordingly, after review of this record, I conclude that the decision of ALJ Wilenkin, which ultimately became the final decision of the Commissioner, is within that "zone of choice within which decisionmakers may go either way without interference from the courts," *Mullen*, 800 F.2d at 545, as the decision is supported by substantial evidence.

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n. of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

                                                        s/ *Charles E. Binder*
                                                  CHARLES E. BINDER
Dated: December 19, 2007                    United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Janet Parker, Caroline Bermudez Jomaa, and the Commissioner of Social Security and served on U.S. District Judge Ludington in the traditional manner.

Date: December 19, 2007                     By     s/Patricia T. Morris
                                                            Law Clerk to Magistrate Judge Binder